**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **DENISE PETRINE BENDZIK,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CAROLYN W. COLVIN,** )<br>**COMMISSIONER OF SOCIAL** )<br>**SECURITY,** )<br>)<br>**Defendant.** ) | **CASE NO. 1:12CV730**<br><br>**MAGISTRATE JUDGE**<br>**GEORGE J. LIMBERT**<br><br>**MEMORANDUM OPINION &ORDER** |

Before the Court is the motion for payment of attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") filed by Plaintiff Denise Petrine Bendzik ("Plaintiff") on August 26, 2013. ECF Dkt. #22. On September 9, 2013, Defendant Carolyn W. Colvin, Commissioner of the Social Security Administration ("Defendant"), filed a response brief opposing the hourly attorney fee rate of $181.66 requested by Plaintiff's attorney as unreasonable. ECF Dkt. #24. On September 13, 2013, Plaintiff filed a reply brief. ECF Dkt. #25. For the following reasons, the Court GRANTS Plaintiff's application for costs and attorney fees, but REDUCES the attorney hourly rate to $125.00 per hour. ECF Dkt. #22.

**I.    LAW AND ANALYSIS**

   **A.    EAJA**

On May 29, 2013, this Court reversed judgment in favor of Defendant and remanded Plaintiff's case to the Administrative Law Judge ("ALJ"). ECF Dkt. #s 20, 21. The EAJA provides that a plaintiff shall be awarded attorney fees when she is the prevailing party in a suit

Case: 1:12-cv-00730-GJL Doc #: 26 Filed: 12/19/13 2 of 6. PageID #: 702

against the government, unless the government's position is substantially justified or if special circumstances prevent an award. 28 U.S.C. § 2412(d)(1). The district court has discretion in determining the amount of a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Reed v. Rhodes*, 179 F.3d 453, 469 (6th Cir. 1999).

### 1. PREVAILING PARTY

Defendant does not dispute that Plaintiff is a prevailing party.

### 2. SUBSTANTIALLY JUSTIFIED

Defendant does not contend that her position was substantially justified.

### 3. NO SPECIAL CIRCUMSTANCES

The Court finds that this case does not involve any special circumstances that would make an award of fees unjust. Accordingly, the Court finds that Plaintiff is entitled to an award of attorney fees under the EAJA.

### B. REASONABLENESS OF FEES AND COSTS

### 1. ATTORNEY FEES AND HOURLY RATE INCREASE

Once a determination is made that attorney's fees should be awarded under the EAJA, the Court must determine if that fee is reasonable. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161, 100 S.Ct. 2316, 110 L.Ed.2d 134. (1990). The EAJA permits an award only of reasonable attorney fees. *See* 28 U.S.C. §2412(d)(2)(A). Absent extraordinary circumstances, the average number of hours for an attorney to work on a routine Social Security case ranges from thirty to forty. *Hayes v. Sec'y of Health and Human Serv.*, 923 F.2d 418, 420 (6th Cir.1990). Although the EAJA limits attorney fees to the litigation process, 28 U.S.C. §2413(a)(1), this includes the EAJA application process. *I.N.S. Comm'r v. Jean*, 496 U.S. 154, 162, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). Fees

-2-

are determined under the EAJA not by calculating a percentage of the amount that a claimant recovers, "but by the 'time expended' and the attorney's '[hourly] rate,'" which was capped in March 1996 at $125.00 per hour. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002).

Courts may award higher fees, but only if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." *Id*., quoting 28 U.S.C. § 2412(d)(2)(A)(ii). The burden lies with the fee applicant to establish the entitlement to an award of fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In this case, Plaintiff requests attorney fees at an hourly rate of $181.66 for 30.30 hours expended during the pendency of this appeal, with an additional .80 hours expended reviewing Defendant's opposition brief and filing a reply brief. ECF Dkt. #s 22, 25. Defendant does not challenge the number of hours spent by Plaintiff's counsel working on the case, but challenges the requested attorney hourly rate as excessive. ECF Dkt. #24.

The EAJA provides a presumptive statutory cap of $125.00 per hour on the hourly billing rates that a claimant may recover for attorney fees "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). A prevailing party who requests an increase above the statutory cap "bears the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec*., 578 F.3d 443, 450 (6th Cir. 2009). A plaintiff "must produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*., quoting *Blum*

*v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) ).

Defendant asserts that Plaintiff has failed to provide adequate support for an increase in the attorney hourly rate with her motion for attorney fees.  Defendant correctly argues that judges in this District have disagreed about the quantity of evidence that must be shown in order to justify an increase in EAJA attorney fees above the statutory cap of $125.00 per hour.  *See De Nunez v. Comm'r of Soc. Sec.*, No. 1:11CV2285, 2013 WL 60429 (N.D. Ohio Jan. 3, 2013)(evidence consisting of counsels' resumes, CPI for legal services and National Law Journal and ALJ Legal Intelligence report entitled *The Survey of Law Office Economics*, 2011 Edition, insufficient to warrant increase in hourly rate); *but see Cogar v. Astrue*, No. 5:11CV1585 (N.D. Ohio Nov. 13, 2012)(Midwest Urban CPI and Ohio State Bar Association report entitled *The Economics of Law Practice in Ohio*, Desktop Reference for 2010 sufficient evidence to warrant increase in hourly rate); *see also Rodriguez v. Comm'r of Soc. Sec.,* No. 3:11CV398, 2012 WL 2905928, at *6 (N.D. Ohio July 16, 2012)(sufficient evidence presented to warrant increase in hourly rate where motion for attorney fees included counsels' resumes, the CPI, *The Economics of Law Practice in Ohio*, Desktop Reference for 2010, and *The Survey of Law Office Economics*, 2011 Edition); *Vasquez v. Astrue*, No. 3:11CV177, 2012 WL 3637676, at *3 (N.D. Ohio Aug. 22, 2012)(increase in statutory hourly rate warranted based upon evidence submitted of *The Survey of Law Economics*, 2011 Edition and the CPI); *see also Jaworski v. Astrue*, No. 1:10CV2936, 2012 WL 355263, at *3 (N.D. Ohio Aug. 16, 2012)(attorney rate of  $176.95 per hour reasonable and appropriate based upon evidence provided of *The Survey of Law Office Economics*, 2011 Edition and *The Economics of Law Practice in Ohio*).

In *Hawk v. Astrue*, No. 4:11CV196, 2013 WL 139799 (N.D.Ohio 2013), the undersigned had occasion to consider the evidence necessary to justify an increase in the EAJA hourly rate for attorneys. In light of the holdings by colleagues in this District, the undersigned held in *Hawk* that an hourly rate increase for attorney fees for 2011 and 2012 was justified when counsel provided the CPI, *The Economics of Law Practice in Ohio*, attorney affidavits outlining experience in the field, itemized statements of work performed, calculations of the hourly rate increases for 2011 and 2012 based upon the CPI, and the affidavit of another experienced attorney in the practice of social security law as to her hourly rate. The undersigned found that this was "satisfactory evidence – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* citing *Bryant*, 578 F.3d at 450, quoting *Blum*, 465 U.S. at 895 n. 11.

In the instant case, Plaintiff has attached only the fee agreement, the itemized statements of services provided by counsel, and an affirmation of counsel concerning his experience, the number of hours expended, and the increased cost of litigating cases. ECF Dkt. #22-2. The affirmation also refers to the Consumer Price Index. This Court find that the evidence submitted by Plaintiff fails to adequately support an increase in the hourly rate for attorney fees.

Accordingly, the undersigned finds that an increase in the hourly rate for attorney fees in this case is not justified and sets the hourly attorney fee rate at $125.00 in this case. As indicated above, Defendant does not challenge the number of hours that Plaintiff's counsel attests was expended on this case. The Court also finds that the number of hours expended is reasonable. *Hayes,* 923 F.2d at 420*; Jean*, 496 U.S. at 162. Further, Defendant does not argue against the awarding of the filing fee costs, and the Court finds such a fee is recoverable under the EAJA. 28 U.S.C. § 2412(a), citing 28 U.S.C. § 1920.

**II.     CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's motion for the award of attorney fees pursuant to the EAJA BUT awards attorney fees at the hourly rate of $125.00. ECF Dkt. #22. Accordingly, the Court AWARDS Plaintiff a total amount of $4,237.50, which represents a hourly attorney fee rate of $125.00 for 31.1 hours expended during the pendency of this case and in preparing the instant motion and reply brief ($3,887.50), plus the filing fee cost of $350.00.

The Court notes that Defendant has previously challenged the payment of EAJA attorney fees directly to counsel in some cases pursuant to *Astrue v. Ratliff*, __U.S.__, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010) and has agreed to direct payment of these fees in other cases. In this case, the undersigned orders Defendant to follow the same procedure that she has followed in other cases, which is to determine whether Plaintiff owes a preexisting debt and offset that debt within thirty days from the date of the Court's Order and thereafter directly pay to Plaintiff's attorney the balance to be credited toward attorney fees.

IT IS SO ORDERED.

Date: December 19, 2013            */s/George J. Limbert*
                                   GEORGE J. LIMBERT
                                   UNITED STATES MAGISTRATE JUDGE